1  RILEY A. CLAYTON
   Nevada Bar No. 005260
2  rclayton@lawhjc.com
   TAYLOR G. SELIM
3  Nevada Bar No. 012091
   tselim@lawhjc.com
4
           **HALL JAFFE & CLAYTON, LLP**
5                7425 PEAK DRIVE
             LAS VEGAS, NEVADA 89128
6                 (702) 316-4111
                FAX (702)316-4114
7
   Attorneys for Defendant,
8  State Farm Mutual Automobile Insurance Company

9
                    UNITED STATES DISTRICT COURT
10
                          DISTRICT OF NEVADA
11

12 | XUYEN TRUONG, individually,            |
   |                                         | CASE NO.: 2:15-cv-00777-JCM-PAL
13 |          Plaintiff,                     |
   |                                         |
14 | vs.                                     | **STIPULATION FOR EXTENSION OF TIME
   |                                         | TO COMPLETE DISCOVERY**
15 | STATE FARM MUTUAL AUTOMOBILE            |
   | INSURANCE COMPANY; DOES I-X, and        | **(First Request)**
16 | ROE CORPORATIONS I-X, inclusive,        |
   |                                         |
17 |          Defendant.                     |

18

19        Plaintiff, XUYEN TRUONG ("Plaintiff"), and Defendant State Farm Mutual Automobile

20 Company ("Defendant") (Plaintiff and Defendant shall be referred to collectively as the "Parties"),

21 submit the following Stipulation pursuant to Local Rule 26-4. Based upon the following, the Parties

22 request that this Court extend the current discovery deadlines by ninety (60) days.

23        The Parties have exchanged their initial disclosures pursuant to FRCP 26(a)(1) and

24 propounded written discovery on each other. Plaintiff's deposition is set to take place next week, on

25 August 25, 2015, and the parties are coordinating dates for Plaintiff to take the depositions fo State

26 Farm's personnel who are out of state. One of the key issues in this case deals with Plaintiff's claim that

27 State Farm acted in "bad faith" by retaining Dr. Poindexter during the handling of Plaintiff's

28 underinsured motorist ("UIM") claim. Generally speaking, it is Plaintiff's contention, among others,

that Dr. Poindexter was under qualified to evaluate the reasonableness and necessity of the interventional pain management treatment Plaintiff received from Dr. Kidwell. To that end, Plaintiff propounded on State Farm numerous detailed and case specific written discovery requests to which State Farm required a two week extension as it attempted, at the corporate level, to provide meaningful responses to Plaintiff's requests, while at the same time ensuring that State Farm preserved all applicable objections. Likewise, Plaintiff needed a two week extension to respond to State Farm's numerous written discovery requests.

Because the issue regarding Dr. Poindexter is at the forefront of the is case—not only from a damages perspective, but from a liability perspective as well—each parties' respective responses to the initial set of written discovery requests was vital to the parties in determining which, if any, experts would need to be retained in order to address, from a claims handling perspective, State Farm's decision to retain Dr. Poindexter. Plaintiff has also requested dates for the depositions of State Farm's claims handling personnel, as those depositions need to be completed in order for Plaintiff to complete retention of initial expert witnesses. As such, the parties are now working towards retaining the necessary experts in order to make their respective initial expert disclosures. However, with the current discovery schedule, there simply is not enough time for the parties to have reports from their chosen experts by the current deadline. Additional time will also be needed to conduct the depositions of these experts, as well as retain potential rebuttal experts. The parties have also been engaged in meaningful settlement discussions, which has postopned the completion of some of the discovery yet to be completed. This is the first request and is not done for purposes of delaying these proceedings.

I.      **FACTUAL BACKGROUND**

This lawsuit arises out of a dispute between Plaintiff and State Farm with respect to Plaintiff's claim for underinsured motorist ("UIM") benefits under a State Farm automobile insurance policy. Plaintiff was involved in an automobile accident on May 3, 2011, which allegedly caused her bodily injury. Plaintiff and Defendant were unable to come to an agreement on the value of Plaintiff's claim. Plaintiff is alleging causes of action for breach of contract; contractual breach of the implied covenant of good faith and fair dealing; violation of the Nevada Unfair Claim Practices Act; and unjust enrichment.

Plaintiff filed her Complaint in the Eighth Judicial District Court on March 17, 2015. Service of the Summons and Complaint upon State Farm was then effected by service upon the Commissioner of Insurance of the State of Nevada on April 7, 2015. Thereafter, State Farm timely removed the action to federal court on April 27, 2015 (Doc. # 1). State Farm filed its Answer on May 13, 2015 (Doc. # 8).

On June 2, 2015, the Court entered the parties' stipulated Discovery Plan and Scheduling Order (Doc. # 10). Defendant propounded Interrogatories, Requests for Production and Requests for Admission on Plaintiff on May 14, 2015. Pursuant to the Federal Rules of Civil Procedure, the responses were due on or before June 16, 2015. On or about June 15, 2015, Plaintiff's counsel requested a two-week extension to respond to the written discovery or until June 30, 2015. As a professional courtesy, Defense counsel granted the request and also requested a reciprocal two week extension to respond to Plaintiff's written discovery requests, making the responses due on July 27, 2015. Plaintiff's counsel agreed to the mutual extension.

The parties have discussed stipulating to extend the discovery schedule deadlines based on the parties' legitimate scheduling conflicts with, potentially, scheduling Plaintiffs' independent medical examination due to the inability to conduct the same prior to the expert deadline. As a result, the parties are in agreement to extend the discovery deadlines 60 days to accomplish discovery.

**A.     Statement of Discovery Completed:**

1. The Parties have produced initial disclosures pursuant to FRCP 26.

2. Defendant has propounded written discovery requests upon Plaintiff, including interrogatories, requests for admission and requests for production of documents.

3. Plaintiff has propounded written discovery requests upon Defendant, including interrogatories, requests for admission and requests for production of documents.

4. Plaintiff produced responses to the interrogatories, requests for admission, and requests for production of documents on June 30, 2015.

4. Defendant produced responses to the interrogatories, requests for admission, and requests for production of documents on July 22, 2015.

**B.     Description of Remaining Discovery to Be Completed:**

1. Depose Plaintiff (scheduled for 8/25/15)
2. Gather the remaining medical records by authorization and/or subpoena
3. Potential Rule 35 Examination of Plaintiff.
4. Depose Defendant's Rule 30(b)(6) witness(es).
5. Depose Defendant's claim handling personnel.
6. Produce Initial Expert Disclosures
7. Produce Rebuttal Expert Disclosures
8. Depositions of Plaintiff's medical providers.
9. Depositions of the Parties' expert witnesses.

**C.     The Reasons Why Discovery Was Not Completed Within The Time Limited Set By The Discovery Plan:**

The parties direct the Court's attention to the Factual Background (above) for further background. In sum, however, the parties moved immediately forward with discovery once the parties participated in the Rule 26 Conference. As noted above, the issues regarding Dr. Poindexter's retention during the handling of Plaintiff's UIM claim is central to both the issue of damages and liability in this case. It was necessary for the parties to evaluate each others' written discovery responses before determining which medical and claims handling experts might need to be retained as initial experts. The parties have also been engage in meaningful settlement discussions and, for the sake of judicial economy, the parties have postponed conducting some discovery as they have attempted to resolve this case.

Based on the foregoing, the parties request additional time to complete their respective planned discovery, particularly with respect to the retention and disclosure of initial experts. Therefore, the parties respectfully request an extension of sixty (60) days in order to conduct the necessary discovery outlined above to allow the production of their initial expert reports, which, at the same time, will result in all remaining discovery deadlines being extended by sixty (60) days. This time will also allow the parties to try and resolve this case without incurring any additional fees and costs. This extension

request is made in good faith, jointly by the parties, and not for the purpose of delay.

**D.     Proposed Schedule for Completing Remaining Discovery:**

It is hereby stipulated that the close of discovery be extended for a period of ninety (60) days for the purpose of completing the depositions of the individuals listed above, potentially, allowing experts to provide their reports, and conducting any additional discovery as warranted in this case. If approved, the discovery dates and deadlines would be modified as follows:

| Event | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Disclosure of Initial Experts | 9.10.2015 | **11.9.2015** |
| Disclosure of Rebuttal Experts | 10.9.2015 | **12.8.2015** |
| Close of Discovery | 11.9.2015 | **1.8.2015** |
| Last Day to File Dispositive Motions | 12.9.2015 | **2.8.2016** |
| Last Day to File Joint Pre-Trial Order (if no Dispositive Motions filed) | 1.8.2016 | **3.8.2016** |

The parties respectfully request that this Stipulation and Order to Extend Discovery (First Request) be granted, and that the Court adopt the proposed dates set forth above. This Stipulation and

/ / /

5

1  Order is timely under LR 26-4 as more than twenty-one days remain before the initial expert disclosure
2  deadline in this matter.

3  DATED this 20th day of August, 2015.          DATED this 20th day of August, 2015.

4  HALL JAFFE & CLAYTON, LLP                     GLEN LERNER INJURY ATTORNEYS

6  By  /s/ Taylor G. Selim                       By  /s/ Adam D. Smith
   RILEY A. CLAYTON                              Corey M. Eschweiler, Esq.
7  Nevada Bar No. 005260                         Nevada Bar No. 6635
   TAYLOR G. SELIM                               Adam D. Smith, Esq.
8  Nevada Bar No. 012091                         Nevada Bar No. 9690
   7425 Peak Drive                               4795 S. Durango Drive
9  Las Vegas, NV 89128                           Las Vegas, NV 89147
   *Attorneys for Defendant*                     *Attorney for Plaintiff*

## O R D E R

IT IS SO ORDERED.

Dated this 24th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE